UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LNV CORPORATION | : | |
| Plaintiff | : | CIVIL ACTION NO. |
| V. | : | |
| 1018 HANCOCK, LLC, | : | |
| MOSES SINGER, and | | |
| YITZCHOK STEINMETZ | : | |
| Defendants | : | FEBRUARY 11, 2015 |

## COMPLAINT

## JURISIDICTIONAL ALLEGATIONS

1. The Plaintiff, LNV Corporation ("LNV" or "Plaintiff"), is a corporation organized under the laws of the State of Nevada with a principal place of business at 7195 Dallas Parkway, Plano, TX  75024.

2. The Defendant, 1018 Hancock, LLC, is a limited liability company organized under the laws of the State of Connecticut with a principal place of 116 Catherine Street, Unit #16, Bridgeport, CT 06604.

3. The Defendant, Moses Singer, is an individual with a residence address of 17 Rutledge Street, Brooklyn, New York 11211.

4. The Defendant, Yitzchok Steinmetz, is an individual with a residence address of 78 Heyward Street, Brooklyn, NY 11206.

5. Plaintiff is deemed a citizen of either the States of Nevada or Texas.

6. Defendant 1018 Hancock LLC is deemed a citizen of the State of Connecticut.

7.    Defendant Moses Singer is a citizen of the State of New York.

8.    Defendant Yitzchok Steinmetz is a citizen of the State of New York.

9.    The amount in controversy, exclusive of interest and costs, exceeds the sum or value specified by 28 U.S.C. §1332(a).

## ALLEGATIONS

**FIRST COUNT:  (Foreclosure of Mortgage)**

10.    This foreclosure action is based on a commercial transaction.  The subject Property is a multi-tenant apartment building.

11.    By a certain Note (the "Note") dated November 5, 2009, the Defendant, 1018 Hancock, LLC, promised to pay to the Order of the The Community's Bank, the principal sum of $300,000.00, payable with interest thereon as provided in the Note, a copy of which is attached hereto as **Exhibit A.**

12.    By a certain Mortgage, (the "Mortgage") of that date to secure the Note, the Defendant, 1018 Hancock, LLC, mortgaged to The Community's Bank, a certain piece or parcel of land situated in the City of Bridgeport, Connecticut, more particularly described on **Schedule 1** attached hereto (the "Property").  The Mortgage was recorded on November 10, 2009 in Volume 8125 at Page 122 of the Bridgeport Land Records.   The Mortgage is conditioned for the payment of the Note according to its tenor, and the performance of certain covenants and conditions contained in the Mortgage.  A copy of the Mortgage is attached hereto as **Exhibit B**.  The Note and Mortgage provide that 1018 Hancock, LLC pay the mortgagee's costs of collection, including attorneys' fees.

13.     By a certain Assignment of Leases and Rents (the "Assignment of Leases") of

that date to secure the Note,  1018 Hancock, LLC assigned any and all leases affecting the

Property to The Community's Bank.  The Assignment of Leases was recorded on November

10, 2009 in Volume 8125 at Page 146 of the Bridgeport Land Records.  A copy of the

Assignment of Leases is attached hereto as **Exhibit C**.

14.     The Federal Deposit Insurance Corporation, as Receiver of The Community's

Bank subsequently assigned its interest in the Note and Mortgage to LNV Corporation by

virtue of an Assignment of Mortgage Deed and Security Agreement dated July 3, 2014 and

recorded on July 9, 2014 in Volume 9075 at Page 265 of the Bridgeport Land Records.

15.     The Federal Deposit Insurance Corporation, as Receiver of The Community's

Bank subsequently assigned all of its right, title and interest in the Assignment of Leases and

Rents to LNV Corporation by virtue of an Assignment of Assignment of Leases and Rents

dated July 3, 2014 and recorded on July 9, 2014 in Volume 9075 at Page 268 of the

Bridgeport Land Records.

16.     The Note and Mortgage are in default as a result of the Defendant,

1018 Hancock LLC's, failure to pay the monthly installments due for the month of August,

2014 and each and every month thereafter, and the Defendant 1018 Hancock LLC's failure to

pay required escrow amounts due under the Mortgage.

17.     By letter dated October 23, 2014, Plaintiff gave Defendants, 1018 Hancock,

LLC, Moses Singer and Yitzchok Steinmetz, notice of the default and an opportunity to cure,

and the Plaintiff accelerated the maturity of the Note and declared the entire outstanding balance of principal, interest, and other fees and charges to be immediately due and payable.

18.     As of February 11, 2015, the outstanding principal balance under the Note was $286,400.07, together with accrued and unpaid interest, unpaid escrow amounts and other fees and charges.  In addition to the foregoing, the Plaintiff has incurred, and continues to incur, costs of collection, including reasonable attorney's fees.  Interest has accrued and will continue to accrue at the daily rate set forth in the Note.

19.     The following encumbrances of record upon the Property are prior in right to the Mortgage and are not affected by this action:

a)     The City of Bridgeport claims an interest by virtue of an inchoate lien for taxes on the List of October 1, 2013 in the total amount of $11,644.54, the first payment of which was paid and the second payment of which is payable by February 1, 2015 and for taxes on the List of October 1, 2014, not yet due and payable.

b)     The Greater New Haven Water Pollution Control Authority may claim an interest in the Property by virtue of outstanding sewer use charges, if any.

c)     The Aquarion Water Authority may claim an interest in the Property by virtue of outstanding water use charges, if any.

20.     There are no transfers and encumbrances of record upon the Property that are subsequent and subordinate in right to the lien and priority of the Mortgage.

21.     The Defendant, 1018 Hancock, LLC, is the record owner of the Property and, upon information and belief, is now in possession thereof, except for such portion of the Property, which may be occupied by tenants pursuant to unrecorded lease agreements.

**SECOND COUNT:  (Enforcement and Collection of Personal Guaranty Agreement)**

22.     Paragraphs 1 through 12 and 14 of the First Count are incorporated as if fully set forth herein.

23.     By their Personal Guaranty Agreement (The "Guaranties"), the Defendants, Moses Singer and Yitzchok Steinmetz, unconditionally guaranteed the full and prompt payment when due of all amount outstanding under the Note and Mortgage.

24.     The Personal Guaranty is now owned by LNV by virtue of an assignment by the Federal Deposit Insurance Corporation as Receiver of The Community's Bank.

25.     The Note and Guaranties remain unpaid, and the plaintiff claims damages in the full amount of the Note plus interest and costs of collection, including attorneys' fees.

## DEMAND FOR JUDGMENT

WHEREFORE, the Plaintiff claims:

1.     Foreclosure of the Mortgage;

2.     Immediate possession of the Property and an Execution of Ejectment;

3.     The appointment of a Receiver of Rents;

4.     A deficiency judgment against the Defendants 1018 Hancock, LLC, Moses Singer and Yitzchok Steinmetz;

5.     Damages;

6.      Costs of collection, including attorney's fees; and

7.      Such other and further equitable relief as may be required.

The property affected by this action (a) is located at 1018 Hancock Avenue in the City of Bridgeport, County of Fairfield and State of Connecticut, (b) is more particularly described on **Schedule 1** attached hereto, and (c) is owned by the Defendant, 1018 Hancock, LLC.

PLAINTIFF,
LNV CORPORATION,


By _____ /s/ Melvin A. Simon _____
          Melvin A. Simon, Esq. (ct05248)
          Cohn Birnbaum & Shea P.C.
          Its Attorneys
          100 Pearl Street, 12th Floor
          Hartford, CT 06103
          Tel. (860) 493-2200
          Fax (860) 727-0361
          Email: msimon@cbshealaw.com